## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| STIEFEL LABORATORIES, INC. and STIEFEL RESEARCH AUSTRALIA PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO ISRAEL PHARMACEUTICALS LTD. and PERRIGO COMPANY, <br><br> Defendants. | Civil Action No. 10-00592-GMS <br><br><br> **JURY DEMANDED** |

## ANSWER, SEPARATE DEFENSES, AND COUNTERCLAIMS

Defendants Perrigo Israel Pharmaceuticals, Ltd. ("Perrigo Israel") and Perrigo

Company ("Perrigo Co.") (collectively, "Defendants"), by and through the undersigned

attorneys, answer the Complaint of Stiefel Laboratories, Inc. and Stiefel Research Australia Pty.

Ltd. (collectively, "Stiefel" and/or "Plaintiffs") as follows:

**COMPLAINT:**

1.      Stiefel Laboratories, Inc. ("Stiefel Laboratories") is a Delaware corporation
having its principal place of business at 20 TW Alexander Drive, PO Box 14910, Research
Triangle Park, North Carolina 27709.

**ANSWER:**     On information and belief, admitted.  Answering further, on

information and belief, Stiefel Laboratories, Inc. is wholly-owned, either directly or indirectly,

by GlaxoSmithKline plc.

**COMPLAINT:**

2.      Stiefel Research Australia Pty. Ltd. ("Stiefel Australia") is a corporation
organized and existing under the laws of the State of Victoria, Australia, having its principal
place of business at 8 Macro Court, Rowville, Victoria 3168, Australia.  Stiefel Australia is a
wholly-owned subsidiary of Stiefel Laboratories.

**ANSWER:**   On information and belief, admitted.  Answering further, on information and belief, Stiefel Research Australia Pty. Ltd. is wholly-owned, either directly or indirectly, by GlaxoSmithKline plc.

**COMPLAINT:**

3.    On information and belief, Perrigo Israel Pharmaceuticals Ltd. ("Perrigo Israel") is an Israeli company with a corporate headquarters and principal place of business at 29 Lehi Street, Bnei Brak 51200, Israel.

**ANSWER:**   Admitted.

**COMPLAINT:**

4.    On information and belief, Perrigo Company ("Perrigo") is a Michigan corporation having its principal place of business at 515 Eastern Avenue, Allegan, Michigan 49010.

**ANSWER:**   Admitted.

**COMPLAINT:**

5.    On information and belief, Perrigo Israel is a wholly-owned subsidiary of Perrigo and is under the direction, control, and/or influence of Perrigo, both generally and with respect to the particular acts and conduct alleged in this Complaint.

**ANSWER:**   This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Perrigo Israel operates as a subsidiary of Perrigo Co.  Defendants deny the remaining allegations contained in this paragraph.

**COMPLAINT:**

6.    On information and belief, Perrigo conducts certain pharmaceutical development and manufacturing operations through Perrigo Israel.

**ANSWER:**   This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, denied.

## Jurisdiction and Venue

**COMPLAINT:**

7.    This is an action for patent infringement arising under the patent laws of the United States.

   **ANSWER:**    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Stiefel's Complaint is for alleged patent infringement.  Defendants deny the remaining allegations contained in this paragraph, including that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

**COMPLAINT:**

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

   **ANSWER:**    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that this Court has subject matter jurisdiction over Stiefel's infringement claim against Perrigo Israel under 35 U.S.C. § 271(e)(2)(A) only.  Defendants deny the remaining allegations contained in this paragraph, including that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

**COMPLAINT:**

9.    Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

   **ANSWER:**    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants do not contest venue for the limited purposes of this action only, but deny that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

**COMPLAINT:**

10.    This Court has personal jurisdiction over Defendants.  On information and belief, Defendants manufacture, sell, offer for sale, and cause to be supplied or sold throughout the United States various products, including prescription and over-the-counter pharmaceuticals and nutritional products.  Defendants' products are sold by mass merchandisers, food stores and drug stores throughout the United States, including within this judicial district. On information and belief, Defendants derive substantial revenue from the sales of those products in this district.

**ANSWER:**    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants do not contest personal jurisdiction for the limited purposes of this action only.  Defendants deny the remaining allegations contained in this paragraph, including that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

**COMPLAINT:**

11.    On information and belief, Defendants have been sued for patent infringement in this judicial district (*see, e.g.*, C.A. Nos. 99-813, 04-107, 09-167, and 09-758), and admitted that they are subject to personal jurisdiction in this Court.

**ANSWER:**    This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Perrigo Co. was a named defendant in complaints filed in C.A. Nos. 99-813, 04-107, 09-167, and 09-758 in this judicial district and that Perrigo Israel was a named defendant in a complaint filed in C.A. No. 09-758. Defendants do not contest personal jurisdiction for the limited purposes of this action only. Defendants deny the remaining allegations in this paragraph, including that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

**COMPLAINT:**

12.    Defendants have engaged in substantial and/or continuous and systematic contacts with the State of Delaware, which satisfy due process and confer personal jurisdiction over Defendants.

**ANSWER:**     This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants do not contest personal jurisdiction for the limited purposes of this action only.  Defendants deny the remaining allegations contained in this paragraph, including that subject matter jurisdiction exists with respect to Stiefel's infringement claim against Perrigo Co.

## Background

**COMPLAINT:**

13.     Stiefel Laboratories is the owner of an approved New Drug Application under Section 505(b) of the Federal Food Drug and Cosmetic Act (the "FFDCA" or the "Act"), 21 U.S.C. § 355(b)(1), for OLUX-E® (clobetasol propionate) Foam, 0.05%.

**ANSWER:**     This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that the online records of the U.S. Food and Drug Administration ("FDA") identify Stiefel Laboratories Inc. as the applicant for a New Drug Application for Olux-E® (clobetasol propionate) Emulsion Foam, 0.05%. Defendants deny the remaining allegations contained in this paragraph.

**COMPLAINT:**

14.     Stiefel Australia is the owner, by assignment, of U.S. Patent Nos. 6,730,288 ("the '288 patent") and 7,029,659 ("the '659 patent"). The '288 and '659 patents are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for OLUX-E®.

**ANSWER:**     This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that the online records of the U.S. Patent and Trademark Office ("USPTO") identify Stiefel Research Australia Pty. Ltd. as the assignee of U.S. Patent No. 6,730,288 ("the '288 patent") and U.S. Patent No. 7,029,659 ("the '659 patent").  Defendants further admit that the '288 patent and the '659 patent are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book")

5

in connection with a New Drug Application for Olux-E® (clobetasol propionate) Emulsion

Foam, 0.05%. Defendants are without sufficient information to admit or deny the remaining

allegations contained in this paragraph, and therefore deny them, including any suggestion that

the '288 patent or the '659 patent covers OLUX-E®.

**COMPLAINT:**

15.     On information and belief, Perrigo Israel filed with the Food and Drug
Administration ("FDA") Abbreviated New Drug Application ("ANDA") No. 20-1402 pursuant
to § 505(j) of the FFDCA, 21 U.S.C. § 355(j), seeking approval to market a generic version of
OLUX-E®. Also on information and belief, Perrigo Israel's ANDA includes a certification
pursuant to § 505(j)(2)(A)(vii)(IV) of the Act asserting that the '288 and '659 patents are invalid,
unenforceable, or will not be infringed by the manufacture, use or sale of Defendants' generic
clobetasol propionate emulsion foam 0.05% product (a so-called "Paragraph IV Certification").

**ANSWER:**     Defendants admit that Perrigo Israel filed with the FDA

Abbreviated New Drug Application ("ANDA") No. 20-1402 pursuant to § 505(j) of the Federal

Food, Drug, and Cosmetic Act ("FFDCA") to obtain FDA approval to engage in the commercial

manufacture, use or sale of clobetasol propionate emulsion foam, 0.05% ("Perrigo Israel's

ANDA Product"). Answering further, Defendants admit that Perrigo Israel's ANDA includes a

certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), in which

Perrigo Israel asserts that, in its opinion and to the best of its knowledge, the '288 and '659

patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, or sale

of Perrigo Israel's ANDA Product. Defendants deny the remaining allegations contained in this

paragraph.

**COMPLAINT:**

16.     On June 1, 2010, Plaintiffs received notice from Perrigo Israel that Perrigo Israel
had filed ANDA No. 20-1402 containing a Paragraph IV Certification with respect to the '288
and '659 patents.

**ANSWER:**   On information and belief, Defendants admit that by letter dated May 28, 2010, Perrigo Israel gave notice to, among others, Plaintiffs, that Perrigo Israel had filed ANDA No. 20-1402 containing a paragraph IV certification, and that Perrigo Israel seeks FDA approval to engage in the commercial manufacture, use or sale of clobetasol propionate emulsion foam, 0.05%, prior to the expiration of the '288 and '659 patents.  Answering further, on information and belief, Plaintiffs received that notice on or about June 1, 2010.  Defendants deny the remaining allegations contained in this paragraph.

**COMPLAINT:**

17.   On information and belief, Perrigo participated in, contributed to, aided, abetted and/or induced the submission of ANDA No. 20-1402 and its § 505(j)(2)(A)(viii)(IV) certification to the FDA. On information and belief, Perrigo will be the marketer and seller of the proposed generic product described in ANDA No. 20-1402 if it is approved for sale in the United States.

**ANSWER:**   Denied.

### Count I - Infringement of U.S. Patent No. 6,730,288

**COMPLAINT:**

18.   Plaintiffs incorporate by reference the preceding averments set forth in paragraphs 1 through 17.

**ANSWER:**   Defendants restate and incorporate by reference their responses to paragraphs 1 through 17 as though fully set forth herein.

**COMPLAINT:**

19.   On May 4, 2004, the '288 patent, entitled "MOUSSE COMPOSITION," was duly and legally issued to Connetics Australia Pty. Ltd. as assignee of the inventors named therein. A true and correct copy of the '288 patent is attached as Exhibit 1.

**ANSWER:**   This paragraph contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that the '288 patent, which is entitled "MOUSSE COMPOSITION," identifies, on its face, Connetics Australia Pty. Ltd. as the

purported assignee.  Defendants further admit that, according to the online records of the

USPTO, the '288 patent issued on May 4, 2004.  Defendants admit that what appears to be a

copy of the '288 patent is attached to the Complaint as Exhibit 1.  Defendants deny that the '288

patent was duly and legally issued, as well as any suggestion that the '288 patent is valid or

enforceable.  Defendants deny the remaining allegations contained in this paragraph.

**COMPLAINT:**

20.     On or about March 26, 2007, Connetics Australia Pty. Ltd. changed its name to Stiefel Research Australia Pty. Ltd.  At all relevant times, Stiefel Australia has been and is the assignee and owner of the '288 patent.

**ANSWER:**     Defendants are without sufficient information to admit or deny the

allegations of this paragraph, and therefore deny them.

**COMPLAINT:**

21.     Perrigo Israel has infringed one or more claims of the '288 patent under 35 U.S.C. § 271(e)(2)(A) by filing ANDA No. 20-1402 seeking approval to market a generic version of a clobetasol propionate emulsion foam 0.05% prior to the expiration of that patent.

**ANSWER:**     Denied.

**COMPLAINT:**

22.     Perrigo Israel's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clobetasol propionate emulsion foam 0.05% described in ANDA No. 20-1402 would also infringe, directly or indirectly, one or more claims of the '288 patent.

**ANSWER:**     Denied.

**COMPLAINT:**

23.     Perrigo's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 20-1402 and its Paragraph IV certification to the FDA also constitutes infringement of the '288 patent.

**ANSWER:**     Denied.

**COMPLAINT:**

24.     On information and belief, unless enjoined, Perrigo will, without authority, manufacture and/or import into the United States Perrigo Israel's generic clobetasol propionate emulsion foam 0.05% described in ANDA No. 20-1402 and/or act as the exclusive distributor of the product within the United States upon Perrigo Israel receiving FDA approval.

      **ANSWER:**     Denied.

**COMPLAINT:**

25.     Perrigo's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clobetasol propionate emulsion foam 0.05% described in ANDA No. 20-1402 would infringe, directly or indirectly, one or more claims of the '288 patent.

      **ANSWER:**     Denied.

**COMPLAINT:**

26.     Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

      **ANSWER:**     Denied.

**COMPLAINT:**

27.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4).

      **ANSWER:**     Denied.

**COMPLAINT:**

28.     Defendants were aware of the existence of the '288 patent at the time of the submission of ANDA No. 20-1402 and the § 505(j)(2)(A)(viii)(IV) assertions to the FDA and that that filing constituted infringement of the '288 patent. This is therefore an exceptional case.

      **ANSWER:**     Denied.

## Count II - Infringement of U.S. Patent No. 7,029,659

**COMPLAINT:**

29.     Plaintiffs incorporate by reference the preceding averments set forth in paragraphs 1 through 28.

**ANSWER:**   Defendants restate and incorporate by reference their responses to paragraphs 1 through 28 as though fully set forth herein.

**COMPLAINT:**

30.   On April 18, 2006, the '659 patent, entitled "MOUSSE COMPOSITION," was duly and legally issued to Connetics Australia Pty. Ltd. as assignee of the inventors named therein. A true and correct copy of the '659 patent is attached as Exhibit 2.

**ANSWER:**   This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the '659 patent, which is entitled "MOUSSE COMPOSITION," identifies, on its face, Connetics Australia Pty. Ltd. as the purported assignee. Defendants further admit that, according to the online records of the USPTO, the '659 patent issued on April 18, 2006. Defendants deny that a true and correct copy of the '659 patent is attached to the Complaint as Exhibit 2. Defendants deny that the '659 patent was duly and legally issued, as well as any suggestion that the '659 patent is valid or enforceable. Defendants deny the remaining allegations contained in this paragraph.

**COMPLAINT:**

31.   On or about March 26, 2007, Connetics Australia Pty. Ltd. changed its name to Stiefel Research Australia Pty. Ltd. At all relevant times, Stiefel Australia has been and is the assignee and owner of the '659 patent.

**ANSWER:**   Defendants are without sufficient information to admit or deny the allegations of this paragraph, and therefore deny them.

**COMPLAINT:**

32.   Perrigo Israel has infringed one or more claims of the '659 patent under 35 U.S.C. § 271(e)(2)(A) by filing ANDA No. 20-1402 seeking approval to market a generic version of a clobetasol propionate emulsion foam 0.05% prior to the expiration of that patent.

**ANSWER:**   Denied.

**COMPLAINT:**

33.     Perrigo Israel's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clobetasol propionate emulsion foam 0.05% described in ANDA No. 20-1402 would infringe, directly or indirectly, one or more claims of the '659 patent.

      **ANSWER:**     Denied.

**COMPLAINT:**

34.     Perrigo's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 20-1402 and its Paragraph IV certification to the FDA also constitutes infringement of the '659 patent.

      **ANSWER:**     Denied.

**COMPLAINT:**

35.     Perrigo's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clobetasol propionate emulsion foam 0.05% described in ANDA No. 20-1402 will infringe, directly or indirectly, one or more claims of the '659 patent.

      **ANSWER:**     Denied.

**COMPLAINT:**

36.     Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

      **ANSWER:**     Denied.

**COMPLAINT:**

37.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4).

      **ANSWER:**     Denied.

**COMPLAINT:**

38.     Defendants were aware of the existence of the '659 patent at the time of the submission of ANDA No. 20-1402 and the § 505(j)(2)(A)(viii)(IV) assertions to the FDA and that that filing constituted infringement of the '659 patent. This is therefore an exceptional case.

      **ANSWER:**     Denied.

## SEPARATE DEFENSES

### First Defense

The manufacture, use, or sale of the clobetasol propionate emulsion foam, 0.05% product that is the subject of Perrigo Israel's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '288 patent.

### Second Defense

The manufacture, use, or sale of the clobetasol propionate emulsion foam, 0.05% product that is the subject of Perrigo Israel's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '659 patent.

### Third Defense

The claims of the '288 patent are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*

### Fourth Defense

The claims of the '659 patent are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*

### Fifth Defense

The Court lacks subject matter jurisdiction over any and all claims arising pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c) as to Perrigo Co.

### Sixth Defense

The Complaint fails to state a claim upon which relief can be granted.

### Seventh Defense

Any additional defenses or counterclaims that discovery may reveal, including unenforceability.

### Response To Request For Relief

Defendants deny that Stiefel is entitled to any relief, and further request that Stiefel's Complaint be dismissed and that Defendants be awarded their attorneys' fees and costs incurred in defending this suit under 35 U.S.C. § 285. Defendants further deny all allegations not specifically admitted herein.

### PERRIGO ISRAEL'S COUNTERCLAIMS

Perrigo Israel Pharmaceuticals, Ltd. ("Perrigo Israel"), for its Counterclaims against Stiefel Laboratories, Inc. and Stiefel Research Australia Pty. Ltd., (collectively, "Stiefel" and/or "Plaintiffs/Counterclaim-Defendants"), alleges as follows:

### Parties

1.      Perrigo Israel Pharmaceuticals, Ltd. ("Perrigo Israel") is a company organized and existing under the laws of Israel having its principal place of business at 29 Lehi Street, Bnei Brak 51200, Israel.

2.      On information and belief, Stiefel Laboratories, Inc. is a Delaware corporation having its principal place of business at 20 TW Alexander Drive, PO Box 14910, Research Triangle Park, North Carolina 27709. On information and belief, Stiefel Laboratories, Inc. is wholly-owned, directly or indirectly, by GlaxoSmithKline plc.

3.      On information and belief, Stiefel Research Australia Pty. Ltd. is a corporation organized and existing under the laws of the State of Victoria, Australia, having its principal place of business at 8 Macro Court, Rowville, Victoria 3168, Australia. On information and belief, Stiefel Research Australia Pty. Ltd. is a wholly-owned subsidiary of Stiefel Laboratories, Inc. On information and belief, Stiefel Research Australia Pty. Ltd. is wholly-owned, directly or indirectly, by GlaxoSmithKline plc.

**Jurisdiction and Venue**

4.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C.

§ 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare

Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat.

2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

5.      This Court has original jurisdiction over the subject matter of these Counterclaims

under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201

and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

6.      This Court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants

because Stiefel has availed itself of the rights and privileges of this forum by suing Perrigo Israel

in this District, and, on information and belief, because Plaintiffs/Counterclaim-Defendants

conduct substantial business in, and have regular systematic contact with, this District.

7.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**Background**

**A.      FDA Approval of New Brand-Name Drugs.**

8.      The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 *et seq.*,

as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L.

No. 98-417, 98 Stat. 1585 (1984) (commonly known as the "Hatch-Waxman Amendments" or

"Hatch-Waxman"), and as further amended by the MMA, sets forth the rules that the U.S. Food

and Drug Administration ("FDA") follows when considering whether to approve both brand-

name and generic drugs.

9.     Under the FFDCA, as amended by Hatch-Waxman and the MMA, an applicant seeking to market a new brand-name drug that has not been previously approved must prepare a New Drug Application ("NDA") for consideration by FDA. *See* 21 U.S.C. § 355.

10.     An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an unauthorized party. *See* 21 U.S.C. §§ 355(b)(1), (c)(2); 21 C.F.R. §§ 314.53(b), (c)(2).

11.     Upon approval of the NDA, the FDA publishes patent information for the approved drug in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

**B.     Generic Competition – Abbreviated New Drug Applications ("ANDAs").**

12.     In 1984, Congress enacted the Hatch-Waxman Amendments to the FFDCA. Congress passed Hatch-Waxman, which simplified the procedure for obtaining approval of generic drugs, for the purpose of decreasing the cost of pharmaceuticals through increased competition.  Under Hatch-Waxman, a generic manufacturer submits what is called an Abbreviated New Drug Application ("ANDA").

13.     To receive approval of its ANDA, an applicant must, *inter alia*, show that its generic drug is "bioequivalent" to the listed reference drug. *See* 21 U.S.C. § 355(j)(4)(F).

14.     When filing an ANDA seeking approval of a generic version of a drug listed in the Orange Book, the ANDA applicant must also "certify" that any patent information listed in the Orange Book does not preclude FDA approval of a generic version of the drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

15.     When seeking FDA approval to market prior to patent expiration, an ANDA applicant must submit a so-called "paragraph IV" certification asserting that the listed patent is invalid, unenforceable, and/or will not be infringed. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

16.     An applicant submitting an ANDA containing a paragraph IV certification must notify both the patent holder and NDA holder of its paragraph IV certification. *See* 21 U.S.C. § 355(j)(2)(B).

17.     If the patent holder brings suit within 45 days of receiving the notice required by 21 U.S.C. § 355(j)(2)(B), FDA cannot approve the ANDA for 30 months, unless the district court enters an order shortening that period. *See* 21 U.S.C. § 355(j)(5)(B)(iii). Thus, patent holders have a significant financial incentive to file suit regardless of merit.

**C.     OLUX-E® (clobestasol propionate emulsion foam) And The Patents-In-Suit.**

18.     On or about May 4, 2004, according to the electronic records of the U.S. Patent and Trademark Office ("USPTO"), U.S. Patent No. 6,730,288 ("the '288 patent"), entitled "MOUSSE COMPOSITION" issued, on its face, to inventor Albert Zorko Abram, and was assigned, on its face, to Connetics Australia Pty. Ltd. According to the electronic records of the USPTO, Stiefel Research Australia Pty. Ltd. is the current assignee of the '288 patent. A true and correct copy of the '288 patent is attached hereto as Exhibit A.

19.     On or about April 18, 2006, according to the electronic records of the U.S. Patent and Trademark Office ("USPTO"), U.S. Patent No. 7,029,659 ("the '659 patent"), entitled "MOUSSE COMPOSITION" issued, on its face, to inventor Albert Zorko Abram, and was assigned, on its face, to Connetics Australia Pty. Ltd. According to the electronic records of the USPTO, Stiefel Research Australia Pty. Ltd. is the current assignee of the '659 patent. A true and correct copy of the '288 patent is attached hereto as Exhibit B.

16

20.    On information and belief, and according to the online FDA records, Stiefel

Laboratories, Inc. currently is the applicant for NDA No. 22-013 for OLUX-E® (clobetasol

propionate emulsion foam), 0.05%.

21.    On information and belief, Stiefel submitted information on the '288 patent and

the '659 patent to FDA for listing in the Orange Book.  By virtue of that submission, FDA listed

the '288 patent and the '659 patent in the Orange Book in connection with the approved NDA

for OLUX-E® (clobetasol propionate emulsion foam), 0.05%.

**D.    Perrigo Israel's Clobetasol Propionate Emulsion Foam, 0.05% ANDA.**

22.    Perrigo Israel filed an ANDA with the FDA seeking approval for clobetasol

propionate emulsion foam, 0.05%.  FDA assigned Perrigo Israel's ANDA No. 20-1402.

23.    Perrigo Israel's ANDA references NDA No. 22-013.

24.    Because Perrigo Israel's ANDA seeks FDA approval to market its generic

clobetasol propionate emulsion foam, 0.05% product before expiration of the Orange Book-listed

'288 patent and '659 patent, Perrigo Israel's ANDA includes a paragraph IV certification to the

'288 and '659 patents.

25.    In accordance with 21 U.S.C. § 355(j)(2)(B), Perrigo Israel provided to Stiefel,

among others, notice that Perrigo Israel submitted an ANDA containing a paragraph IV

certification to the '288 and '659 patents.  This notice included a detailed statement setting forth

factual and legal bases as to why the '288 and '659 patents are invalid and/or will not be

infringed by the manufacture, use, offer for sale, sale, or importation of the clobetasol propionate

emulsion foam, 0.05% product described in Perrigo Israel's ANDA, and *inter alia*, expressly

reserved the right to raise additional defenses, including unenforceability, in the event that Stiefel

filed suit on the '288 and/or '659 patent(s).

26.     The clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA does not infringe any claim of the '288 patent.

27.     The claims of the '288 patent are invalid.

28.     The clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA does not infringe any claim of the '659 patent.

29.     The claims of the '659 patent are invalid.

30.     Stiefel sued Perrigo Israel for infringement of the '288 patent and the '659 patent in this District.

## Counterclaim I
### Declaration of Non-Infringement of the '288 Patent

31.     Perrigo Israel realleges and incorporates by reference the allegations of paragraphs 1-30.

32.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo Israel regarding, *inter alia*, the issue of whether the manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would infringe the claims of the '288 patent.

33.     The manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would not infringe the claims of the '288 patent.

34.     Perrigo Israel is entitled to a declaration that the manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would not infringe the claims of the '288 patent.

## Counterclaim II
## Declaration of Invalidity of the '288 Patent

35.     Perrigo Israel realleges and incorporates by reference the allegations of paragraphs 1-34.

36.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo Israel regarding, *inter alia*, the invalidity of the '288 patent.

37.     The claims of the '288 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

38.     Perrigo Israel is entitled to a declaration that the '288 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

## Counterclaim III
## Declaration of Non-Infringement of the '659 Patent

39.     Perrigo Israel realleges and incorporates by reference the allegations of paragraphs 1-38.

40.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo Israel regarding, *inter alia*, the issue of whether the manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would infringe the claims of the '659 patent.

41.     The manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would not infringe the claims of the '659 patent.

42.     Perrigo Israel is entitled to a declaration that the manufacture, use, offer for sale, or sale of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA would not infringe the claims of the '659 patent.

**Counterclaim IV**
**Declaration of Invalidity of the '659 Patent**

43.     Perrigo Israel realleges and incorporates by reference the allegations of paragraphs 1-42.

44.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo Israel regarding, *inter alia*, the invalidity of the '659 patent.

45.     The claims of the '659 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

46.     Perrigo Israel is entitled to a declaration that the '659 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

**JURY DEMAND**

Defendants hereby demand a trial by jury as to all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Defendants request that this Court enter a Judgment and Order in Defendants' favor and against Stiefel Laboratories, Inc. and Stiefel Research Australia Pty. Ltd. as follows:

(a)     declaring that the manufacture, sale, offer for sale, use or importation of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and/or enforceable claim of the '288 patent;

(b)     declaring that the '288 patent is invalid;

(c)     declaring that the manufacture, sale, offer for sale, use or importation of the clobetasol propionate emulsion foam, 0.05% product described in Perrigo Israel's ANDA does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and/or enforceable claim of the '659 patent;

(d)    declaring that the '659 patent is invalid;

(e)    ordering that Stiefel's complaint be dismissed with prejudice and judgment entered in favor of Defendants;

(f)    declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Defendants attorneys' fees, costs, and expenses in this action;

(g)    awarding Defendants any further and additional relief as the Court deems just and proper.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

Dated: July 30, 2010    By: _____

JOHN C. PHILLIPS, JR. (#110)
BRIAN E. FARNAN (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com

Of Counsel:
Christine J. Siwik
William A. Rakoczy
Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 222.6304 (telephone)
(312) 222.6324 (facsimile)

*Attorneys for Defendants Perrigo Co. and Perrigo Israel Pharmaceuticals, Ltd.*